IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION



CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUL 3 0 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

| | |
|---|---|
| TRAVIS WILLIAM BALL,  )  | |
| )  | |
| Plaintiff,  )  | Case No. 7:10CV00333 |
| )  | |
| v.  )  | |
| )  | MEMORANDUM OPINION |
| )  | |
| CITY OF BRISTOL, VA, JAIL,  )  | By: Glen E. Conrad |
| )  | Chief United States District Judge |
| Defendants.  )  | |

Plaintiff Travis William Ball, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Ball alleges that while he was incarcerated at the Bristol City Jail (the jail) in Bristol, Virginia, he slipped in water which had accumulated on the floor around a leaky "toilet sink" and broke his hand. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Ball states his claim and supporting allegations as follows:

> I told Deputy Stewart my toilet sink was leaking for 4 months. Then the jail finally fixed it after I broke my hand 4 months later. It's the jail's negligence for not fixing my sink toilet after complaining it was broke. I told Deputy Odum my toilet was leaking the night before I fe[ll] and broke my hand. but the jail did not fix it [un]til the next day. I am su[ing] for $200,000 due to the fact I am right handed and will never get full use of it again [and] suing for all doctor bills.

(Compl. 2.) Ball indicates that he exhausted available administrative remedies.

This complaint is nearly a duplicate of an earlier complaint Ball filed, which the court docketed as Case No. 7:10CV00303 and which Ball, in his current complaint, incorporates by reference. In that complaint, Ball stated:

> I slipped and fell due to th[eir] toilet's leaking and broke my hand. They [had] been aware of the toilet leaks. They didn't fix the toilets. They didn't fix the toilet after I broke my hand due to their negligence. Now I'll never be able to use my hand proper again. I am right handed.

(Compl. 2.) With this complaint, Ball attached a copy of one grievance, dated June 19, 2010, in which he stated: "I wrote a grievance on my toilet [and] got no respon[se]. The plumber fixed cell 1 but did not even look at mine. I've already fell once [and] broke my hand due to my toilet leak."[1]

The court summarily dismissed Case No. 7:10CV00303 without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state any claim actionable under § 1983. For the same reasons, his current complaint must also be summarily dismissed.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

---

[1] The written response on the grievance form, dated June 24, 2010, stated: "Called the plumber this morning 6-24-10 [and] he should be able to look at it Friday the 25th."

The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Ball's allegations, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

As a preliminary matter, Ball cannot maintain his action against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The jail is the only defendant Ball has named. While the court could allow plaintiff to amend to name individual officials as defendants, if warranted, the court is satisfied that his allegations fail to state any actionable § 1983 claim against anyone.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981).[2] On the other hand, individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury. Daniels v. Williams, 474 U.S. 327 (1986). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with

---

[2] It is not clear from the allegations in the complaint whether Ball, at the time of his injury, was a pretrial detainee or a convicted inmate serving a criminal sentence. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment, which applies to convicted inmates. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Even harsh and uncomfortable prison conditions cannot be considered punishment, however, so long as they are rationally connected to a legitimate, nonpunitive, penological purpose and are not excessive in relation to that purpose. Id. As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant officials acted with deliberate indifference toward the risk of harm–that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that he disregarded the risk by failing to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994).

Although Ball's current complaint alleges that he had complained about the leaky toilet for four months, his allegations do not indicate that jail officials knew before Ball's injury that the leaky toilet posed an excessive risk of such serious harm to anyone. After all, Ball himself was well aware of the leak, and as such, officers reasonably could have believed that he would know to use caution when walking in that area until the leak could be fixed. Not fixing a leaking toilet tank for four months is no doubt frustrating to the inmate who must live with the problem. Nevertheless, such alleged inaction supports, at most, a claim that officers may have been negligent in not repairing the toilet sooner.[3] Officers' negligence simply does not give rise to any

---

[3] Courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983. See, e.g., Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (finding that standing water in prison shower did not pose substantial risk of serious harm even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (finding that "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995) (finding that inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); Brown v. Thorton, No. 3:09cv396/RV/MD, 2010 WL 942085 (N.D. Fla. Mar. 1, 2010) (finding no Eighth Amendment claim where inmate slipped while

constitutional claim actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). Finding no respect in which the situation Ball describes could support a determination that officials acted with deliberate indifference to an excessive risk of serious harm, the court concludes that Ball's complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of July, 2010.

/s/ Glen Conrad
Chief United States District Judge

---

wiping up water from overflowing, clogged sink that jail officials had attempted to fix); Davis v. Corrections Corp. of America, No. 5:07cv279/RS/EMT, 2008 WL 539057 (N.D. Fla. Feb.22, 2008) (holding that plaintiff's allegations that he slipped and fell due to water on the floor from a leaking toilet resulting in injury to his leg failed to state an Eighth Amendment violation); Bacon v. Carroll, 232 Fed. App'x 158, 160 (3rd Cir. Apr. 30, 2007) (finding prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); Bell v. Ward, 88 Fed. App'x 125, 127 (7th Cir. Feb. 6, 2004) (finding accumulation of water on the floor due to prison officials' oversight shows, at most, that jail officials were negligent); Beasley v. Anderson, 67 Fed. App'x 242 (5th Cir. 2003) (finding prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); Lefall v. Johnson, 48 Fed. App'x 104 (5th Cir. 2002) (finding prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983).